UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAQUIN PAREJA,

    Plaintiff,

v.                                                   Case No. 8:10-cv-302-T-24TGW

PRIORITY CARE SERVICE, INC.,
d/b/a UNITED JANITORIAL SOLUTIONS,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant Priority Care Service, Inc.'s ("Priority Care") Motion for Summary Judgment, and Plaintiff Joaquin Pareja's response in opposition to the motion. (Doc. Nos. 10, 15.) Pareja, a former employee of Priority Care, has sued to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Priority Care, however, contends that it is entitled to summary judgment because Pareja's employment was not covered by the FLSA, and because Pareja has not established that it knew or should have known that Pareja was working overtime. As explained below, Priority Care's motion must be denied.

**I.    Background and Facts**

The following undisputed facts are established in the record: Priority Care is a company that provides janitorial services to other businesses. On March 1, 2005, Priority Care entered into a Janitorial Service Agreement with Lifestyle Family Fitness. Under that agreement, Priority Care was required to provide janitorial services to three Lifestyle Family Fitness centers in Hillsborough County, Florida. Priority Care was obligated to perform specified janitorial

services at those three centers, seven days a week, but only between the hours of 12:00 a.m. and 5:00 a.m., when the centers were closed to Lifestyle Family Fitness patrons.

Plaintiff Pareja was an employee of Priority Care who performed janitorial services from September 15, 2006, through October 15, 2008. The work Pareja was directed to perform is set forth in the Janitorial Services Agreement. According to that agreement, Pareja was required to clean the bathrooms and locker rooms within the three fitness centers once each, every 24 hours, during the hours of 12:00 a.m. and 5:00 a.m. The Lifestyle Family Fitness centers would open with clean bathrooms and locker rooms. Lifestyle Family Fitness had its own porters to maintain the bathrooms and locker rooms during operating hours.

While he was employed by Priority Care, Pareja's supervisor was Rick Rodriguez. Pareja was an employee of Priority Care and was not under the control of Lifestyle Family Fitness regarding the work he was to perform.

## II.     Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.*

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories,

and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**III.     Discussion**

    **A.     Coverage under the FLSA**

Priority Care contends that it is entitled to summary judgment because Pareja has failed to establish individual or enterprise coverage under the FLSA. The FLSA requires an employer to pay an employee overtime compensation for any hours worked in excess of forty in a given workweek, if that employee "is engaged in commerce or in the production of goods for commerce [individual coverage], or is employed in an enterprise engaged in commerce or in the production of goods for commerce [enterprise coverage]." 29 U.S.C. § 207(a). Accordingly, an employee bringing a claim for unpaid overtime compensation must establish either individual or enterprise coverage under the FLSA. *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

        **1.     Individual Coverage**

Priority Care contends that Parjea, a janitor employed within Hillsborough County, Florida, has no individual coverage under the FLSA because he was not engaged in commerce or in the production of goods for commerce. Pareja has not responded to this argument, so the

Court assumes that Pareja is not disputing that individual coverage does not exist in this case.[1]

"The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Id.* at 1266. Therefore, for an individual to be "engaged in commerce" under the FLSA, "he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails or travel." *Id.* at

---

[1]Pareja's only argument is that Priority Care should not be permitted to dispute, for the first time in this litigation, that coverage exists because, according to Pareja, that position directly contradicts Priority Care's Answer to the Complaint in which it admitted coverage under the FLSA. Priority Care responded "Admitted" to the following allegation contained in the Complaint: "Defendant was Plaintiff's 'employer' within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g)."

The Court is not persuaded by Pareja's argument. Sections 203(d) and 203(g) of the FLSA merely define "employer" and "employ" for purposes of the statute. Priority Care's admission that it was Pareja's employer under the statute does not absolve Pareja of his obligation to establish individual or enterprise coverage under Section 207.

Furthermore, the case cited by Pareja, *Dice v. Weiser Security Servs., Inc.,* No. 06-61133, 2008 U.S. Dist. LEXIS 6300, at *8-9 (S.D. Fla. Jan. 29, 2008), is distinguishable. In *Dice*, the court refused to allow the defendant-employer to dispute coverage at the summary judgment stage because the defendant-employer had already admitted in its Answer that it was an enterprise engaged in commerce under the statute. The court reasoned that the defendant-employer cannot avoid its factual admission simply by filing a summary judgment motion asserting a position inconsistent with that admission.

*Dice* is distinguishable from this case because the defendant-employer admitted facts essential to the coverage analysis–that it was engaged in activities that relate to and involve interstate commerce, that it had annual gross sales of at least $500,000, and that it was an enterprise engaged in commerce as defined by Section 203(r). Priority Care made no such admissions in its Answer, and therefore, should not be prevented from disputing coverage at this stage of the litigation.

1267 (citing 29 C.F.R. §§ 776.23(d)(2) and 776.24).  Pareja did not work for an instrumentality of interstate commerce; rather, he worked for a company providing cleaning services to local businesses.

Furthermore, Pareja has not established that he was engaged in the production of goods for commerce.  "Employees whose work is closely related and directly essential to the production of goods for commerce are individually covered under the FLSA." *Id.* at 1269 (citing 29 C.F.R. § 776.18).  There is no evidence that Pareja or Priority Care produced any goods, or that the Lifestyle Family Fitness centers that Pareja cleaned produced any goods.  Therefore, Pareja has failed to establish a genuine issue of fact as to the existence of individual coverage.  *See Wirtz v. B.B. Saxon, Co.,* 365 F.2d 457 (5th Cir. 1966) (stating that "[p]roviding janitorial service in a building which does not house an instrumentality of commerce is not within the clause of the [FLSA] relating to employees engaged in commerce"); *Collado v. Fla. Cleanex, Inc.*, No. 09-23303, 2010 U.S. Dist. LEXIS 87666, at *7-9 (S.D. Fla. July 27, 2010) (finding that no individual coverage existed for a cleaner who worked for a local cleaning business who did not work with or produce any goods in interstate commerce).

### 2. Enterprise Coverage

Next, Priority Care argues that it is not a covered enterprise under the FLSA because it operates a local cleaning company, and is not "engaged in commerce or in the production of goods for commerce."  To establish enterprise coverage, the employee must show that the employer is an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has an (2)

"annual gross volume of sales made or business done [of] not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(i-ii). Priority Care does not dispute that it meets the $500,000 sales threshold.

Pareja contends that Priority Care meets the definition of an enterprise that "has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce" because he used cleaning products that were manufactured outside the State of Florida for completing his janitorial duties. He contends that these cleaning products qualify as "materials" that have been moved in interstate commerce.

As evidence, Pareja filed his affidavit in which he avers that, "in performing the janitorial services, [he] would regularly utilize cleaning agents, surface cleaners, and cleaning solutions provided to [him] by [Priority Care]." He lists these materials as "1) Johnson Diversey Glass and Multi-purpose cleaning solution, 2) Superior Hi Shine Steel Cleaner and Polish, and 3) Johnson Diversey Bowl Cleaner, Tile and Porcelain cleaner." Pareja avers that "[b]ased on information and belief, these items are manufactured in Sturtevant, Wisconsin and in Maumaee, Ohio."

Pareja requests that the Court take judicial notice, pursuant to Federal Rule of Evidence 201(b), that the manufacturer of these materials, Johnson Diversey, Inc., is a Delaware Corporation with its principal place of business and manufacturing facilities in Sturtevant, Wisconsin. Pareja filed what appears to be print-outs from Johnson Diversey, Inc.'s website and from the website of the Florida Department of State, Division of Corporations, which he contends confirm that Johnson Diversey, Inc. is a foreign corporation.

Under the FLSA, "materials" are "tools or other articles necessary for doing or making something." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1224 (11th Cir. 2010).

Furthermore, "[w]hether an item counts as 'materials' will depend on two things: (1) whether, in the context of its use, the item fits within the ordinary definition of 'materials' under the FLSA [meaning, "tools or other articles necessary for doing or making something"] and 2) whether the item is being used commercially in the employer's business [meaning, that the employees are 'handling, selling, or otherwise working on' the item for the employer's commercial (not just any) purposes]." *Id.* at 1225-27.

The Court declines to take judicial notice of the interstate nature of the cleaning products used by Pareja at this time; however, the evidence filed by Pareja at least creates an issue of fact regarding whether these are materials "that have been moved in or produced for commerce by any person." The print-outs filed by Pareja do not show where Johnson Diversey, Inc.'s products are manufactured, but they do establish that it is a Delaware corporation with its principal place of business in Wisconsin, and that it has offices in 60 locations around the world. Furthermore, Pareja has averred, based on his information and belief, that the products are manufactured in Wisconsin and Ohio. Viewing this evidence together, and in the light most favorable to Pareja, the Court concludes that there is a genuine factual issue of whether the cleaning products are materials moved in interstate commerce. Accordingly, Pareja has raised a genuine issue for trial regarding whether Priority Care is an enterprise covered by the FLSA.

**B.     Priority Care's Knowledge of Pareja's Overtime**

Finally, Priority Care contends that it is entitled to summary judgment because it did not know, nor should it have known, that Pareja was working overtime. Priority Care points to Pareja's answers to its interrogatories in which Pareja admitted that he did not complain to Priority Care about alleged violations of the FLSA. Priority Care contends that Pareja cannot

now contradict these sworn answers to create a material issue of fact. Priority Care also filed an affidavit from Pareja's supervisor, Rick Rodriguez, in which he states that Pareja never reported working overtime.

"[A] FLSA plaintiff must demonstrate that (1) he . . . worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007). Pareja presented his affidavit in which he avers that "[he] typically worked in excess of 40 hours per work week, and [his] direct supervisor, Rick Rodriguez was aware of the hours [he] was working in excess of 40 hours per week." Pareja further avers that "[he] discussed with Mr. Rodriguez the hours [he] was working and the travel time required between jobs, and at some point in approximately July of 2008 Mr. Rodriguez approached me about completing time sheets and submitted them to Defendant."

This evidence is sufficient to create a genuine issue for trial regarding whether Priority Care knew or should have known that Pareja was working overtime and not getting paid. The Court acknowledges that "when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contracts, without explanation, previously given clear testimony." *Id.* at 1316 (citation and quotation omitted). However, Pareja's sworn answers to the interrogatories do not contradict his affidavit. The question presented in the interrogatory was "[w]hen did you (or your attorney) first complain to Defendant about alleged violations of the Fair Labor Standards Act?" Pareja's answer that he did not complain to Priority Care until filing this action does not directly contract the statements in his affidavit that he worked in excess of 40 hours per week, that his supervisor was aware of the hours he was working, and that

he discussed with his supervisor time travel and time sheets.

Accordingly, viewing this evidence in the light most favorable to Pareja, the Court concludes that there is a genuine issue of material fact regarding whether Pareja worked overtime without compensation, and whether Priority Care knew or should have known of this fact.

## IV. Conclusion

Viewing the entirety of the record in the light most favorable to Pareja, the Court concludes that Pareja has established genuine issues of material fact regarding whether Priority Care is a covered enterprise under the FLSA, and whether Pareja worked overtime without compensation and whether Priority Care knew or should have known of this fact. Accordingly, Priority Care's Motion for Summary Judgment (Doc. No. 10) is **DENIED**.

Furthermore, the pretrial conference previously scheduled in this case for Wednesday, February 9, 2011, is hereby rescheduled to the following day on **Thursday, February 10, 2011, at 8:30 a.m.**

**DONE AND ORDERED** at Tampa, Florida, this 4th day of January, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge